United States Court of Appeals,

Fifth Circuit.

No. 92-5719.

Pauline RUIZ, et al., Plaintiffs,

Pauline Ruiz and Emilio Ruiz, Plaintiffs-Appellants,

v.

WHIRLPOOL, INC., and Intercity Products Corporation, Defendants-Appellees.

Jan. 31, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before GOLDBERG, JONES,[*] and DUHÉ, Circuit Judges.

GOLDBERG, Circuit Judge:

Pauline and Emilio Ruiz brought this products liability suit against Whirlpool, Inc. ("Whirlpool"), Inter-City Products Corporation ("Inter-City"), Air Alamo Services ("Air Alamo"), and others. The plaintiffs alleged that a defective component in their heating and air conditioning system started a fire that damaged their home. Whirlpool and Inter-City moved for summary judgment, contending that they did not manufacture the component that caused the fire. The district court granted both of these defendants' summary judgment motions. The plaintiffs appeal, and we affirm.

I. Facts and Proceedings Below

In January of 1987, the plaintiffs purchased a new heating and air conditioning system through Air Alamo. The system that the plaintiffs received included a condensing unit (located outside of the house), an evaporator blower (located inside of the house), and an electric heater that was attached to the evaporator blower.[1] On July 10, 1988, the Ruiz's home was damaged by fire. Almost

---

[*]Judge Jones did not sit for oral argument due to illness but did participate in the opinion with the aid of tape recordings.

[1]A condensing unit pumps refrigerant through a refrigeration system and removes heat from the air inside the house. An evaporator blower, which includes a fan, a motor, and an evaporator coil, cools the air and pumps it through the house.

two-years later, the plaintiffs filed this suit, contending that a defective component in their heating and air conditioning system caused the fire that damaged their home.

After several months of discovery, Whirlpool and Inter-City filed a joint motion for summary judgment. The district court referred the defendants' summary judgment motion to a magistrate judge for a report pursuant to 28 U.S.C. § 636(b)(1) ("the Magistrates Act") and Federal Rule of Civil Procedure 72. The plaintiffs' summary judgment evidence suggested that the fire was caused either by the relays for the electric heater or by the relays for the evaporator blower fan motor. The parties disputed whether Inter-City had built the electric heater and the evaporator blower, but there was no evidence that Whirlpool manufactured any of the Ruiz's equipment.

The magistrate judge recommended that summary judgment be granted in favor of Whirlpool, noting that the plaintiffs had not submitted any summary judgment evidence that Whirlpool had manufactured the Ruiz's heating and air conditioning system.[2] However, the magistrate judge recommended that Inter-City's motion for summary judgment be denied. The magistrate judge reasoned that since Inter-City may have manufactured the Ruiz's evaporator blower and since one of the plaintiffs' two expert witnesses had testified that the relays for the evaporator blower fan motor were a possible source of the fire, a genuine issue of material fact existed as to the source of the fire, precluding summary judgment in favor of Inter-City.

Inter-City filed objections to the magistrate judge's recommendation that its motion for summary judgment be denied. After reviewing Inter-City's objections, the district court concluded that the plaintiffs' summary judgment evidence that an Inter-City product caused the fire was "too speculative to prevent summary judgment" and granted Inter-City's motion.

The plaintiffs appeal. They contend that summary judgment in favor of Inter-City is improper

---

[2]The magistrate judge also rejected three other theories under which the plaintiffs sought to hold Whirlpool liable for the damage caused by the fire. First, the magistrate judge concluded that the contract between the plaintiffs and Air Alamo, which called for the installation of Whirlpool equipment, was insufficient to create a genuine issue of fact as to whether Whirlpool equipment was actually installed in the Ruiz's home. Second, the magistrate judge found that Whirlpool did not have sufficient control over the manufacture of the products of Inter-City, Whirlpool's licensee, to provide a basis for liability. Third, the magistrate judge found that the plaintiffs had not presented any summary judgment evidence in support of their contention that Inter-City was the alter ego of Whirlpool.

because genuine issues of material fact exist as to whether an Inter-City product caused the fire. They also contend that summary judgment in favor of Whirlpool is improper because Whirlpool can be liable for allowing Inter-City to market under the Whirlpool name the component that caused the fire.

## II. Discussion

### A. Inter-City

After Inter-City objected to the magistrate judge's recommendation that its summary judgment motion be denied, the district court made a de novo determination of Inter-City's motion for summary judgment and concluded that summary judgment should be granted. The plaintiffs argue that summary judgment is inappropriate because genuine issues of material fact exist. We do not agree.

In reviewing a grant of summary judgment, we apply the same standard employed by the district court. Specifically, we ask whether the summary judgment evidence on file shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Hibernia National Bank v. Carner,* 997 F.2d 94, 97 (5th Cir.1993). When a motion for summary judgment identifies an absence of evidence that supports a material fact on which the non-movant bears the burden of proof at trial, the non-moving party must set forth specific facts that show that there is a genuine issue for trial. *Id.* at 98. Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.... If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986) (citations omitted).

The summary judgment evidence in this case revealed that Inter-City had manufactured some of the Ruiz's heating and air conditioning system components. Inter-City acknowledged that it manufactured the Ruiz's condensing unit (the portion of the system located outside of the house). However, the parties disputed whether Inter-City built the Ruiz's electric heater and whether Inter-City built the Ruiz's evaporator blower (which is located inside of the house).

The plaintiffs argued that there was an issue of fact as to whether Inter-City manufactured

their electric heater. Inter-City submitted summary judgment evidence that it did not build the plaintiffs' electric heater. Specifically, Inter-City's expert witness cited several design differences between the electric heater in the plaintiffs' system and the electric heaters that Inter-City manufactures to conclude that Inter-City did not build the plaintiffs' electric heater. This showing was sufficient to meet Inter-City's threshold summary judgment burden of showing an absence of proof on an essential element of the plaintiffs' claim. The plaintiffs were thus required to identify specific facts showing that Inter-City built their electric heater. *See* Fed.R.Civ.P. 56(e). The plaintiffs failed to meet this burden since the Ruiz's only contention in response to Inter-City's showing was that Inter-City could have made a defective heater that resembled the one found in their home. Such a conclusory argument is not sufficient to establish a genuine issue as to whether Inter-City built the Ruiz's electric heater. *Id.*

The parties also disputed whether Inter-City built the Ruiz's evaporator blower (the portion of the system located inside of the house). Inter-City denied that it had manufactured the evaporator blower and claimed that the plaintiffs could not show that it had manufactured the particular evaporator blower that had been installed in the Ruiz's home. However, one of the plaintiffs' experts observed that the Ruiz's evaporator blower was similar to a model that Inter-City manufactured. For the purposes of this opinion, we will assume that Inter-City built the evaporator blower.

The testimony regarding the source of the fire was divided. The Ruiz's first expert, Freeman Reisner, concluded that the fire was triggered by defective relays for the electric heater. The plaintiffs' second expert, James Rodriguez, testified that the fire was caused *either* by defective relays for the electric heater *or* by defective relays for the evaporator blower fan motor. This expert did not state whether the electric heater relays or the evaporator blower fan motor relays were the source of the fire.[3]

In its motion for summary judgment, Inter-City argued, and the district court concluded, that the Ruiz's summary judgment evidence was insufficient to allow a reasonable jury to conclude that

---

[3]There was no testimony that Inter-City's condensing unit caused the fire that damaged the plaintiffs' home.

Inter-City supplied the component of the plaintiffs' heating and air conditioning system that caused the fire in the Ruiz's home. We agree. The plaintiffs' first expert witness concluded that the fire was caused by the relays for the electric heater. However, Inter-City did not build the Ruiz's electric heater. The plaintiffs' second expert witness found that the fire was caused either by the relays for the evaporator blower fan motor or by the relays for the electric heater. Assuming that Inter-City manufactured the Ruiz's evaporator blower, the only evidence that linked Inter-City to the source of the fire was the second expert's opinion that the relays for the evaporator blower fan motor *could* have been a source of the fire. This opinion was only one of the second expert's two alternative explanations for the cause of the fire. Testimony that the plaintiffs' damages were caused by either one of two products, only one of which was manufactured by the defendant, does not, without more, raise a genuine issue of material fact sufficient to survive a motion for summary judgment. Such evidence does not allow a jury to make a rational, non-speculative finding that the defendant supplied the product that caused the fire in the plaintiffs' home. *See Transco Leasing Corp. v. United States,* 896 F.2d 1435 (5th Cir.1990).

In *Transco Leasing,* the executors of two pilots' estates brought a suit against the government, alleging that government air flight controllers negligently failed to guide the pilots and prevent the mid-air collision that killed them both. We affirmed summary judgment in favor of the pilots' estates against the government on the government's defense that the pilots were contributorily negligent. The government's expert had testified that the cause of the collision was pilot error. However, the expert could not determine who was negligent: the first pilot, the second pilot, or both pilots. When the first pilot's estate moved for summary judgment on the government's contributory negligence defense, we held that the government's expert's admission that he could not conclude that the first pilot was contributorily negligent satisfied that pilot's threshold burden of showing an absence of proof on an essential element of the government's defense. We then held that the government did not satisfy its burden under Fed.R.Civ.P. 56(e) of designating "specific facts showing that there is a genuine issue for trial" because the government did not adduce any proof that "would have allowed a rational, nonspeculative conclusion that [the first pilot] was at least partially at fault in causing this

tragic mid-air collision." *Transco,* 896 F.2d at 1449. We explained that there were four possibilities regarding pilot negligence: that neither pilot was negligent; that the first pilot but not the second pilot was negligent; that the second pilot but not the first pilot was negligent; or that both pilots were negligent. We held that summary judgment against the government on its contributory negligence defense was proper because the government's proof, "negated only the first possibility, but did nothing to permit a rational choice among the other three possibilities." *Id.* at 1448.

Applying this reasoning to the present case, we see that the plaintiffs' first expert testified that the relays for the electric heater caused the fire while the plaintiffs' second expert testified that the fire was caused by either the relays for the electric heater or the relays for the evaporator blower fan motor. There were thus at least four possibilities for the cause of the fire: that neither the electric heater relays nor the fan motor relays caused the fire; that the electric heater relays alone caused the fire; that the fan motor relays alone caused the fire; or that both the electric heater relays and the fan motor relays caused the fire. Assuming that the plaintiffs' experts' testimony is sufficient to negate the first possibility, the summary judgment evidence did not permit a rational choice that the fan motor relays alone caused the fire. In other words, since the summary judgment evidence showed, at best, that Inter-City built the evaporator blower fan motor but not the electric heater, a jury could only speculate that an Inter-City product (the evaporator blower fan motor) caused the fire. Such a showing is not sufficient to preclude summary judgment. We therefore hold that summary judgment was properly entered in favor of Inter-City.

## B. Whirlpool

We next address the plaintiffs' appeal of the summary judgment entered in favor of Whirlpool. Whirlpool's summary judgment evidence demonstrated that Whirlpool had never manufactured any central heating and air conditioning system. This showing was sufficient to impose on the plaintiffs the burden of coming forward with specific facts that show that Whirlpool manufactured the Ruiz's heating and air conditioning system. Fed.R.Civ.P. 56(e). The plaintiffs' only response to this summary judgment evidence was that the contract between the plaintiffs and Air Alamo called for the installation of Whirlpool equipment. This showing was insufficient to create a genuine issue of fact

as to whether Whirlpool equipment was installed in the Ruiz's home.

The only other theories under which the plaintiffs sought to hold Whirlpool liable for their damage were predicated on the underlying liability of Inter-City.[4] However, since we have held that Inter-City cannot be held liable for the plaintiffs' damages, it follows that Whirlpool cannot be liable for the plaintiffs' damages either. We therefore hold that summary judgment was properly entered in favor of Whirlpool.

III. Conclusion

The judgment of the district court is AFFIRMED.

---

[4]First, the plaintiffs asserted that Whirlpool maintained a "right of control" over Inter-City's products. Second, the plaintiffs claimed that Inter-City was an alter ego of Whirlpool. *See supra* note 2.