UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30675
Summary Calendar
_____


LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY

Plaintiff-Appellant

versus

LOWES HOME CENTERS INCORPORATED, ET AL

Defendants

LOWES HOME CENTERS INCORPORATED; GENERAL ELECTRIC COMPANY

Defendants-Appellees

*******************************************

DAVID LONGINO; JUANITA LONGINO

Plaintiffs-Appellants

versus

LOWES HOME CENTERS INCORPORATED, ET AL

Defendants

LOWES HOME CENTERS INCORPORATED; GENERAL ELECTRIC COMPANY

Defendants-Appellees

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1287 & 96-CV-1286)
_____

June 12, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM[*]:

Appellants, David and Juanita Longino and Louisiana Farm Bureau Mutual Insurance Co. brought products liability claims against appellees, Lowe's Home Centers, Inc. (Lowe's), and General Electric Company (GE). Appellants alleged that a defective wire in a Hotpoint washing machine caused a fire which destroyed their home. The district court granted GE's and Lowe's motion for summary judgment. We affirm.

## I. FACTS

The Longinos' home and belongings were destroyed by fire in 1995. The Longinos and their insurer, Louisiana Farm Bureau, alleged that a wire found in the back of the Longinos' four-month-old Hotpoint washing machine, manufactured by GE and purchased at Lowe's Home Center, was the cause of the fire.

The washing machine was examined by plaintiffs' expert, Donald Boudreaux, who testified that he found an electrical wire unattached and in a rim around the back bottom edge of the washing machine. Mr. Boudreaux testified that this wire showed evidence of electrical arcing and that it started the fire which destroyed the Longino home.

This wire was later determined to be 12 gauge wire by GE's expert, James M. Finneran.[1] The defendants submitted the affidavit of Roger Klingeman, a lead design engineer at GE's Home

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Appellants do not dispute this finding.

2

Laundry Department, stating that the Hotpoint washing machine's motor, motor start relay, and water valve do not contain 12 gauge wire or have 12 gauge wire associated with them. Klingeman testified that GE has never used 12 gauge wire for this washing machine model.

## II. DISCUSSION

### A. Standard of Review

This court reviews a grant of summary judgment de novo. *See Brown v. CSC Logic, Inc.*, 82 F.3d 651, 653 (5th Cir. 1996). The moving party must initially inform the court of the basis of its motion and identify parts of the record demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The burden on the moving party is not to produce evidence showing the absence of a genuine issue of material fact, but rather to demonstrate an absence of evidence supporting the non-movant's case. *See Celotex*, 477 U.S. at 325. If the moving party carries this burden, then the nonmoving party must demonstrate the existence of a genuine issue of a material fact. This requires more than "some metaphysical doubt as to the material facts." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Testimony based on speculation or conjecture is insufficient to raise a genuine issue of material fact because "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . ." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

3

## B. Analysis

Appellants assert that the fire was caused by faulty wiring in their Hotpoint washing machine. Appellants were required to designate specific facts showing that GE had placed the allegedly defective wire inside the washing machine. *See Ruiz v. Whirlpool*, 12 F.3d 510, 513 (5th Cir. 1994) (citing FED. R. CIV. P. 56(e)). To succeed under the Louisiana Products Liability Act, the appellants must demonstrate that the characteristic rendering the product unreasonably dangerous existed at the time the product left the manufacturer's control. *See* La.R.S. 9:2800.54. The appellants have failed to demonstrate, however, that the allegedly dangerous, defective wire was in the machine when it left GE's control. Appellant's expert testified specifically that an unattached wire found in the back of the washing machine, with evidence of electrical arcing, was the cause. GE's expert identified the wire as 12 gauge, and he swore that no 12 gauge wire is used in the manufacture of the Hotpoint washer in question or any of its components. This showing met GE's threshold burden for summary judgment.

Appellants' only response to GE's evidence was that mistakes can and do happen and, therefore, it was possible for GE to have placed the 12 gauge wire in the machine accidentally during the manufacturing process. Such speculative reasoning does not demonstrate a genuine issue as to whether the allegedly defective wire was inserted in the washing machine as it was built. *See id*. Nor can such speculation allow a jury to make a "rational, non-

4

speculative finding" that GE was ultimately responsible for the allegedly defective wire.

Appellants' other theory is that one of the components incorporated into the machine may have used 12 gauge wire of which GE was unaware. We have already noted the affidavit of Roger Klingeman who, with personal knowledge of the components used by GE, stated that none of the component parts use 12 gauge wire.

Likewise, the appellants' claim based upon redhibition under Louisiana Civil Code article 2520, et seq. must fail. Proof that the defect existed at the time of sale may be made by direct or circumstantial evidence, but some evidence must be presented. Appellants produced no evidence that the alleged defect existed at the time of sale.[2] Appellants' claim is based merely on metaphysical doubt.

Under the Louisiana Products Liability Act, unless Lowe's knew or should have known that the washer was defective and failed to warn the consumer, Lowe's cannot be held liable as a non-manufacturing seller. *See Ferruzzi U.S.A., Inc. v. R.J. Tricon Co., Inc.*, 645 So.2d 685, 688 (La. 1994). Lowe's is not required to inspect the product for redhibitory defects or vices prior to sale. *See id*. Appellants have not shown that Lowe's knew or should have known that the washing machine was defective or that Lowe's should have inspected the washing machine for defects.

_____

[2]Appellants do provide testimony by the Longinos' that they made no changes to the washing machine after it was purchased. Appellants fail, however, to present any specific facts as to GE or Lowe's.

Therefore, Lowe's cannot be held liable for selling an allegedly defective product.

### III. CONCLUSION

Because appellants have failed to produce any factual evidence pointing to the existence of the allegedly defective wire in the washing machine before it left the control of the manufacturer, we affirm.