# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11404
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2017

Lyle W. Cayce
Clerk

TERRY CHAMBERS,

      Plaintiff - Appellant

v.

TROY-BILT, L.L.C.,

      Defendant - Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-569

---

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

In this products liability case, the district court[1] granted summary judgment in favor of Defendant Troy-Bilt, L.L.C because there was no dispute of material fact as to causation. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This case was considered by a magistrate judge pursuant to 28 U.S.C. § 636(c).

No. 16-11404

I.

This dispute concerns injuries that Terry Chambers sustained in a fire that occurred in his garage.  According to Mr. Chambers, a lawn mower designed and manufactured by Defendant Troy-Bilt, L.L.C. ("Troy-Bilt") exploded, causing the fire and his injuries.

During his deposition, Mr. Chambers described the facts leading up to the incident as follows.  The day before the fire, Mr. Chambers's wife, Peggy Chambers, used the lawn mower to mow the front and back yard.  After she brought the lawn mower back to the garage, Mr. Chambers washed it off and pulled it into the garage.  The next day, Mr. Chambers noticed that his wife had not mowed two strips of grass by the driveway, so he took out the lawn mower, mowed the two strips of grass, washed off the lawn mower, and pulled it into the garage.  More specifically, he testified that he took the lawn mower to the street and came straight back, which took around three minutes.  He then stopped the lawn mower in front of the garage, turned the engine off, and used a hose to wash both the top deck and underneath the mower.  After waiting two or three minutes, Mr. Chambers turned the lawn mower back on, drove it into the garage (a distance of about thirty feet), and turned off the engine.  Soon after Mr. Chambers was back in the house, Mrs. Chambers asked him if he had heard what sounded like somebody shooting a gun.  Another minute or two later, Ms. Chambers asked Mr. Chambers if he was burning something, at which point Mr. Chambers proceeded into the garage and saw the lawn mower was on fire.  Mr. Chambers sustained burns while attempting to push the lawn mower out of the garage.

According to Mr. Chambers's causation expert, Richard Dyer, the fire was caused when gasoline released from the fuel tank vaporized and the vapors ignited when they came into contact with the hot engine exhaust components.  Importantly, however, Dyer stated that, if Mr. Chambers's testimony

2

regarding the events leading up to the fire were true, the hot exhaust components could not be a valid ignition source because they would not be hot enough to ignite the gasoline vapors.

In its subsequent motion for summary judgment, Troy-Bilt argued that Mr. Chambers's deposition testimony was a judicial admission and thus Mr. Chambers could not establish causation based on Dyer's testimony. In his response, Mr. Chambers argued that his deposition testimony was an evidentiary admission and pointed to the deposition testimony of his wife as establishing a factual dispute regarding causation. The district court granted Troy-Bilt's motion for summary judgment, and Mr. Chambers appealed.

## II.

The district court exercised diversity jurisdiction,[2] 28 U.S.C. § 1332, and we have jurisdiction over the appeal from a final judgment, 28 U.S.C. § 1291.

We review a grant of summary judgment de novo. *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001). Summary judgment is proper where there is no genuine dispute of material fact, and a party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). We "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment[, and a] party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings." *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995) (citations omitted). "[C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). We may affirm

---

[2] The parties submitted supplemental letter briefing on diversity jurisdiction, and we are satisfied that the district court properly exercised subject matter jurisdiction.

No. 16-11404

the grant of summary judgment on any basis raised below that is supported by the record. *See City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014).

III.

On appeal, Mr. Chambers maintains that his deposition testimony was an evidentiary admission, not a judicial admission. We need not decide this issue because, even assuming arguendo that his statements were evidentiary rather than judicial admissions, he failed to raise a fact issue refuting those admissions.

To refute his deposition testimony regarding how long the lawn mower was running, Mr. Chambers points to the deposition testimony of his wife that the lawn mower ran for nine or ten minutes. The problem with Mrs. Chambers's testimony, however, is that her accounting of the duration is based upon speculation. When asked how long the conversation between her and her husband was, she was equivocal, stating "I'm going to say [it was] about two minutes" and later that it was "three or four minutes." As to how long Mr. Chambers sat on the lawn mower in the garage, Mrs. Chambers expressed uncertainty, first stating "for a few minutes," then saying "I don't know how long it was," and finally stating "I'm guessing it was two, three minutes. It could have been a minute." This type of speculation is not sufficient to create a genuine issue of material fact. *See Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 514 (5th Cir. 1994) (an expert's opinion "that the relays for the evaporator blower fan motor *could* have been a source of the fire" was not sufficient to defeat summary judgment); *see also Keating v. Pittston City*, 643 F. App'x 219, 224–25 (3d Cir.), *cert. denied*, 137 S. Ct. (2016) ("A lack of memory does not create a genuine dispute because an answer such as 'I don't recall' is insufficient evidence to rebut affirmative testimony or at least create 'fair doubt.'"). Accordingly, there is no genuine dispute of material fact, and summary judgment was proper. AFFIRMED.

4