# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 15, 2021

Lyle W. Cayce
Clerk

No. 21-20296

Thomas Salter; Owen Keith Hendricks,

*Plaintiffs—Appellants*,

*versus*

Cheniere Energy, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4749

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Thomas Salter and Owen Keith Hendricks contend that the district court improperly granted summary judgment on their sexual harassment and retaliation claims against Cheniere Energy. The district court found "Hendricks and Salter . . . cannot offer a shred of evidence to support [their] claim[s]. Legal conclusion and baseless accusations are insufficient." We

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20296

agree.  Salter and Hendricks also fail to support their arguments on appeal with adequate briefing.  For these reasons, we AFFIRM.

## I.

Cheniere is an energy company primarily engaged in the liquified natural gas business.  Salter and Hendricks were employees of Cheniere.  Both worked at Cheniere's Corpus Christi Liquefaction site in Gregory, Texas.  Hendricks was employed as Cheniere's Director of Construction while Salter was a Marine Superintendent.  Hendricks "was the highest authority in that office."  Elizabeth Ruiz was employed by Cheniere as Hendricks's office manager.

Cheniere maintained several utility terrain vehicles (UTVs) so employees could navigate the Corpus Christi worksite.  Over the Memorial Day, Labor Day, or Fourth of July weekends in 2016, 2017, and 2018, Hendricks and Salter removed a particularly high-powered UTV from the worksite and took it to Crystal Beach in Galveston, Texas.[1]  In addition to Hendricks and Salter, various friends and family attended the beach trip, some connected with Cheniere, others not.

In July 2018, Ruiz spoke with Hendricks's superior at Cheniere, Ed Lehotsky, the Senior Vice President of Engineering and Construction.  She discussed the need to purchase fire-resistant raincoats for every member of the office, a purchase that Hendricks had already rejected.  In August 2018, Hendricks and Ruiz had a vocal disagreement over purchasing priorities for the office.  During the argument, Ruiz expressed her frustration about

---

[1] The record indicates that Hendricks and Salter drove multiple UTVs while at the beach, some of which were their personal property.  Deposition testimony focuses on a single high-powered company UTV, but witnesses also occasionally refer to the use of multiple company UTVs.  For ease of reference, we refer to the single UTV above the line.

Hendricks's perceived favoritism toward Salter. Hendricks responded to Ruiz by asking her, "Why do you have such a hard-on for Salter[?]" In response, Ruiz loudly said, "I don't know if you're sucking Thomas Salter's d[***] or he is sucking yours."

The next day, wholly unaware of Hendricks and Ruiz's argument, Lehotsky and Nancy Bui, Cheniere's Director of Human Resources, arrived at the Corpus Christi worksite. Ruiz informed Bui of the disagreement, and over the course of that day Bui interviewed Ruiz, Hendricks, and Salter. Lehotsky also met with Hendricks regarding the matter. Two weeks later, Bui, Lehotsky, and others followed up with Hendricks and Ruiz to resolve any residual issues with their working relationship.

Later that same month, Lehotsky learned about the beach trips that Hendricks and Salter had taken with the company UTV. Deanna Newcomb, Cheniere's Chief Compliance and Ethics Officer, subsequently met with both Hendricks and Salter. She discussed the UTV usage as well as Hendricks's and Salter's presence at an unapproved hunting trip paid for by a Cheniere vendor the prior year. Following the ethics investigation, Lehotsky fired both Hendricks and Salter.

Hendricks and Salter filed suit against Cheniere in federal district court. They alleged sex discrimination, age discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and in violation of Texas law. Hendricks and Salter alleged that Ruiz's comment to Hendricks constituted sexual harassment, that Ruiz had engaged in a pattern of harassing conduct, and that Cheniere had done nothing to remedy the situation. They alleged that rather than punish Ruiz, Cheniere fired Hendricks and Salter for lodging legitimate complaints.

No. 21-20296

After limited discovery, Cheniere moved for summary judgment. The district court granted the motion, finding, *inter alia*, that Hendricks and Salter had failed to make a prima facie showing for any of their claims. Aggrieved, Hendricks and Salter appeal.[2]

## II.

We review a grant of summary judgment de novo, applying the same standard as the district court. *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009) (citing *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994)).  First, we review Hendricks's and Salter's harassment claim.

> For a sexual harassment claim to survive summary judgment,
>
> a plaintiff must show that (1) [he] is a member of a protected class; (2) [he] suffered unwelcomed harassment; (3) the harassment was based on [his] membership in a protected class; (4) the harassment "affected a term, condition, or privilege of employment"; and (5) "the employer knew or should have known" about the harassment and "failed to take prompt remedial action."

*West v. City of Hous.*, 960 F.3d 736, 741 (5th Cir. 2020) (per curiam) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).  The district court found that Hendricks and Salter offered "no evidence to show why [Ruiz's] comment [wa]s based on [their] sex . . . .  Because Hendricks and Salter cannot prove the elements for sexual harassment, their claim fails."  On appeal, Salter and Hendricks wholly fail to address this finding.  Beyond that, they also fail to provide any argument regarding their membership in a protected class.  On both points, "[f]ailure adequately to brief an issue on

---

[2] Hendricks and Salter abandon their age and sex discrimination claims as well as their Texas state law claims on appeal.

appeal constitutes waiver of that argument." *Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020) (internal quotation marks omitted) (quoting *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004)). We thus decline to address their sexual harassment claim further.

As for the retaliation claim, Hendricks and Salter bear the burden of demonstrating that (1) they "engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Ikossi-Anastasiou*, 579 F.3d at 551 (internal quotation marks omitted) (quoting *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002)). "If an adverse employment action occurs within close temporal proximity to protected activity known to the employer, a plaintiff will have met [the] burden to establish a prima facie case of retaliation." *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 619 (5th Cir. 2020) (citing *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019)).

Once a prima facie case is made, "the burden shifts to the employer 'to articulate some legitimate, nondiscriminatory reason' for its actions." *Id.* (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "If the employer proffers a legitimate, nondiscriminatory reason, the burden then returns to the plaintiff to prove that the employer's reason is pretext for unlawful discrimination." *Id.* (citing *Septimus v. Univ. of Hous.*, 399 F.3d 601, 607 (5th Cir. 2005)). At that stage, temporal proximity alone will not "establish that the company's stated explanation" was pretextual. *Garcia*, 938 F.3d at 243 (citing *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007)).

Hendricks and Salter demonstrate that there was some temporal proximity between their alleged complaints and their termination of employment. However, even assuming that this is sufficient to state a prima facie case, that is the only argument they provide. Cheniere Energy asserts

that it terminated Hendricks and Salter after it discovered that the two had been using company property, particularly a high-powered UTV, on annual beach trips. As this is a legitimate, nondiscriminatory reason, the burden shifts back to Hendricks and Salter to demonstrate that Cheniere's proffered reason for termination was mere pretext for discrimination.

But Hendricks and Salter do not provide any evidence to rebut Cheniere's statement beyond temporal proximity and their own testimony. Without evidence that Cheniere's reason for terminating them was pretextual, they have failed to create a genuine issue of material fact on this point. As the district court observed, "[b]aselessly saying that a genuine issue of fact exists—without identifying a real disputed fact—does not make it true." They have thus failed to carry their burden, and Cheniere was entitled to judgment as a matter of law.

Finally, Hendricks and Salter allege the district court abused its discretion by not granting them broader discovery. But the record shows that they did not ask the district court for any discovery or seek any ruling on discovery whatsoever. As this issue was not presented in the first instance to the district court, "we will not address it on appeal." *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 595 (5th Cir. 2007) (internal quotation marks omitted) (quoting *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994)).

## III.

Hendricks and Salter's appellate arguments are unavailing, and they do not meaningfully engage the district court's conclusion that their harassment and retaliation claims fail as a matter of law. Therefore, the district court's summary judgment is

AFFIRMED.