Kay F. MILLARD, Plaintiff–Appellant,

v.

UNITED STUDENT AID FUNDS, INC., an Indiana corporation; and Superior Credit Service, Inc., an Indiana corporation, Defendants–Appellees.

No. 94–35490.

United States Court of Appeals, Ninth Circuit.

Submitted * Sept. 12, 1995.

Decided Sept. 22, 1995.

John A. Wohlhaupter, Port Townsend, WA, for plaintiff-appellant.

Michael R. Scott, Douglas M. Garrou, Hillis, Clark, Martin & Peterson, Seattle, WA; Alan B. Hughes, Mitchell, Lang & Smith, Seattle, WA, for defendants-appellees.

Before: WRIGHT, ALARCON and CANBY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We must decide whether 20 U.S.C. § 1091a(a)(2)(B), which retroactively abrogates time-bars on the collection of student loans, applies to Kay Millard's loans. We hold that the statute does apply to the loans at issue.

The court granted defendants' motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I

In 1967, Kay Millard obtained two student loans, each for $1,000,[1] from the First National Bank. United Student Aid Funds ("USA Funds"), a private agency, provided and processed the application, prepared notes for Millard's signature and guaranteed the loans. After Millard defaulted in 1969, USA Funds paid on the guaranty.

In 1991, Congress retroactively abrogated statutes of limitations on the collection of student loans. 20 U.S.C. § 1091a. USA

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4.

1. When the case was before the district court, the total amount due was $5,416.85, including principal, interest and collection costs.

Funds then assigned Millard's loans to Superior Credit Service ("Superior Credit") for collection.

When USA Funds and Superior Credit attempted to collect on the loans, Millard sued them, claiming violations of the Fair Debt Collection Practices Act ("FDCPA"). She alleged primarily that USA Funds and Superior Credit misrepresented that collection of the loans was not time-barred. The court granted summary judgment for defendants and Millard appeals.

## II

■■■ Millard argues that the court erred in holding that the retroactive abrogation of statutes of limitations under 20 U.S.C. § 1091a(a)(2)(B) applies to her loans and that defendants did not violate the FDCPA. We review de novo a grant of summary judgment. *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994). And we review de novo the interpretation of a statute. *Braun v. INS,* 992 F.2d 1016, 1018 (9th Cir.1993).

In 1991, Congress amended § 1091a to abrogate retroactively statutes of limitations governing collection on defaulted loans. That statute now provides:

(1) It is the purpose of this subsection to ensure that obligations to repay loans ... are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.

(2) ... no limitation shall terminate the period within which suit may be filed ... or other action initiated or taken by—

(B) a guaranty agency that *has* an agreement with the Secretary under section 1078(c) of this title that is seeking the repayment of the amount due from a borrower on a loan made under part B of this subchapter after such guaranty

agency reimburses the previous holder of the loan for its loss on account of the borrower[.]

20 U.S.C. § 1091a(a) (emphasis added).

■■■ USA Funds has an agreement with the Secretary of Education under § 1078(c) and Millard obtained her loans under part B. Under a straightforward application of the statute,[2] the abrogation of time-bars applies to Millard's loans. *Accord United States v. Phillips,* 20 F.3d 1005, 1007 (9th Cir.1994) (Congress "eliminated all statutes of limitation on actions to recover on defaulted student loans"); *United States v. Glockson,* 998 F.2d 896, 897 (11th Cir.1993) ("Congress intended to revive all time-barred actions to recover defaulted student loans.").

Essentially, Millard argues that USA Funds must have had an agreement with the Secretary under § 1078(c) at the time Millard's loans were obtained for the abrogation to apply.[3] But § 1091a imposes no such limitation. Rather, the application of the time-bar abolition to Millard's loans accords with the express legislative purpose: *"to ensure that obligations to repay loans ... are enforced."* 20 U.S.C. § 1091a(a)(1) (emphasis added).

**AFFIRMED.**

---

**2.** We look to the plain meaning of the statute, without reference to the legislative history, because the statutory language is unambiguous. *Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1547–48, 79 L.Ed.2d 891 (1984). In any event, nothing in the legislative history evinces an intent contrary to the language of § 1091a(a)(2)(B).

**3.** At the time Millard obtained the loans, USA Funds had an agreement with the Secretary under § 1078(a) and (b), but not under § 1078(c). Since 1977, USA Funds has had an agreement with the Secretary under § 1078(c).