UNITED STATES of America,
Plaintiff,

v.

**Robert R. DURBIN, Defendant.**

**Civil Action No. H–98–632.**

United States District Court,
S.D. Texas,
Houston Division.

Sept. 13, 1999.

M.H. Cersonsky, Houston, TX, for Plaintiff,

Judith Rose Purcell, Houston, TX, for Defendant.

Opinion on Summary Judgment

HUGHES, District Judge.

### 1. Introduction.

The government has sued for the amount due on a promissory note issued for a student loan that the government guaranteed. The government will recover its money.

### 2. Student Loans.

When the student borrowed money for his education, he issued a note. The bank lent the money under a federal program to assist students of post-secondary institutions. Ordinarily, repayment begins nine to twelve months after the student fails to carry at least one-half of the normal full-time course load. Lenders accept these notes because they are fully insured by the government. See Higher Education Act of 1965, 20 U.S.C. § 1070.

When the student defaults on his repayment, the lender presents the current balance—principal, interest, and costs—to the government agency that guaranteed it. On paying the original lender, the government becomes the lender, and the borrower owes the government directly.

### 3. Promissory Notes.

■ A note is an unconditional promise to pay. It is an obligation of the borrower to the lender. The practice and law of notes developed so that people could lend on the credit of a person with confidence that collecting the debt would not be complicated by side issues. As a result of their unconditional, absolute character, loans are both extended in the first place and traded among lenders with no direct knowledge of the original transaction, reducing their cost to the borrowers.

■ The government must show three things to win: (1) the defendant is the person who issued the note; (2) the government owns the note; and (3) the note is unpaid. In addition to the unpaid amount, the lender may collect attorney's fees under state and federal law. Federal law also allows reasonable administrative and collection costs.

### 4. Defenses.

■ The note may be enforced against the borrower unless he can show that he did not issue it or that he paid it. Unlike many other kinds of cases, the borrower largely has the responsibility to produce evidence. Evidence is not simply saying that something is true; evidence is specific facts of when, who, where, and how much as well as supporting records like canceled checks and tax returns. Under state law, a note is enforceable unless the borrower can show that he paid the note or that the note was forged. See

*generally* CAL. COM.CODE div. 3; N.Y. U.C.C. LAW ch. 38, art. 3; TEX. BUS. & COM.CODE ANN. ch. 3.

A. Forgery is proof that the note was not issued by the apparent borrower nor issued under his authority. If the note was physically signed by another person—a parent or friend, say—the person who got the direct benefit of the funds is responsible for repayment.

B. Payment is proof that the debt represented by the note was returned to the lender from sources like cash, good check, or credit from tax refunds.

5. *Non–Defenses.*

 Statute of limitations, laches, and failure of consideration are inapplicable in student loan cases.

A. No statute of limitations bars the government's right to collect on student loans. The government may have taken a long time to get around to collecting its debts, but while inconvenient, the delay does not affect the borrower's duty to make full payment. Federal law was changed to eliminate all restrictions on the time that the debts can be recovered. *See* Higher Education Technical Amendments of 1991, 20 U.S.C. § 1091a(a); *United States v. Phillips*, 20 F.3d 1005, 1007, n. 2 (9th Cir.1994.)

B. In the law, when a person has waited a long time to enforce a right, courts sometimes do not enforce it. This is called laches, which is French for slackness. Laches is a second-guess supplied by judges under traditional law; however, traditional law does not apply when there is a statute that directly applies. The specific act of the legislative branch eliminates this implied limit. In 1991, Congress said that no delay is too long. *See* 20 U.S.C. § 1091a(a); *U.S. v. Robbins*, 819 F.Supp. 672 (E.D.Mich.1993).

 Even if no recent statute interfered, laches would not apply to the collection of a note. Laches requires the person claiming its benefit to have relied on the failure to enforce the right. In the case of a student loan, the borrower did all of his reliance shortly after signing the note—he spent the money. It has remained spent. In the years the government has not collected the debt, the borrower has done nothing with the money or about the debt.

C. Failure of consideration is the legal claim that a person did not get something of value in exchange for his promise to pay. In a student loan case, what the student got from the lender was money, and its value is unquestionable.

 Sometimes students would like not to pay the loan because they now feel that the school they attended was not very good or that the education they got was not adequate to get them a good job. Even if these feelings are supported by solid evidence, they do not matter. The bank lent money, and the government promised the bank that the debt would be paid. Neither the bank nor the government guaranteed satisfaction with schools or educations.

 Because the choice of institution and curriculum was the student's, the responsibility for a bad choice rests with the student.

6. *Conclusion.*

 The government has demonstrated that the defendant issued the promissory note, that the government owns the note, and that the note is in default and unpaid. The law requires that there be a judgment for the government for the principal, interest, costs, and attorney's fees.

Final Judgment

 The United States of America recovers from Robert R. Durbin:

1. Principal of $3,670.25;

2. Prejudgment interest of $4,912.79;

3. Attorneys' fees of $1,200;
4. Administrative costs of $6.75; and
5. Post-judgment interest at 5.224% per annum.