# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 01-50236
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERT LAWRENCE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Western District of Texas
_____

December 13, 2001


Before JOLLY, JONES, AND SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Robert Lawrence appeals a summary judgment for the United States in its suit to enforce four promissory notes. Lawrence argues that the district court erred in refusing to apply the affirmative defense of laches, in finding that the government had provided competent sum- mary judgment evidence, and in concluding that Lawrence's affidavit did not raise genuine issues of material fact precluding summary judgment. Finding no error, we affirm.

I.

From 1975 to 1978, Lawrence executed four promissory notes totaling $9,500 to ob- tain student loans that initially were made by Lake Air National Bank and then were as- signed to the United States Department of

Education ("DOE"). Lawrence defaulted on these loans in 1980; in 2000, the United States sued to collect a debt of $22,389.79.[1] Lawrence's answer raised the defense of laches and asserted that the debt had been paid in full.

With its motion for summary judgment, the United States submitted copies of the four notes and assignments, four certificates of indebtedness (signed statements by a DOE loan analyst certifying that DOE's records listed the debt as unpaid), computerized loan records, and an affidavit from DOE loan analyst Deloris Gorham authenticating the submitted loan records. Lawrence's response argued that the notes and certificates were not competent summary judgment evidence. He asserted that the notes were not authenticated, and the certificates were not based on personal knowledge and did not purport to show the affiant was competent. Lawrence submitted only his own affidavit in opposition to the government's motion. In its reply, the government supplemented Gorham's statement with a more detailed affidavit.

## II.

We review a summary judgment *de novo*, *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir. 1994), applying the same standard as did the district court, *Deas v. River W., L.P.*, 152 F.3d 471, 475 (5th Cir. 1998). "Summary judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. Questions of fact are viewed in the light most favorable to the nonmovant and questions of law are reviewed de novo." *Id*.

Lawrence argues that the district court erred when it refused to apply the defense of laches and held that 20 U.S.C. § 1091a retroactively eliminated all statutes of limitations and laches defenses for collection of student loans. Section 1091a states,

> It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced. . . . [N]o limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by . . . the Attorney General . . . for the repayment of the amount due from a borrower on a loan made under this subchapter.

20 U.S.C. § 1091a(a)(1), (2)(D).

Although we have never directly addressed this question, several other circuits have held that § 1091a negates any limitations defense.[2] Today we follow those circuits that have decided the issue and conclude that § 1091a eliminates all limitations defenses for collection of student debts. Further, we adopt the district court's holding that § 1091a also extends to eliminate the equitable defense of laches.

---

[1] This consisted of $9,464.30 principal, $87.00 administrative costs, and $12,838.49 interest due through November 2, 1999.

[2] *Millard v. U.S. Aid Funds*, 66 F.3d 252, 252 (9th Cir. 1995); *United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994); *United States v. Glockson*, 998 F.2d 896, 897 (11th Cir. 1993); *United States v. Hodges*, 999 F.2d 341, 341-42 (8th Cir. 1993); *see also United States v. Durbin*, 64 F. Supp. 2d 635, 637 (S.D. Tex. 1999).

### III.

Lawrence contends that the copies of the promissory notes and assignments were not competent summary judgment evidence because they were not properly authenticated as required by FED. R. CIV. P. 56(e) and FED. R. EVID. 902(11). The point is moot. In his affidavit and answer, Lawrence concedes that he applied for and was granted the loans and that he signed the notes.

Lawrence further argues that the certificates of indebtedness were not competent evidence because they were not based on personal knowledge and did not affirmatively show that the affiant was competent as required by rule 56(e),[3] and the statements that the DOE's records showed Lawrence was in debt constituted "conclusory hearsay statements." If any such defects did exist, Gorham's supplemental affidavit cured them.

Gorham testified that as a loan analyst, she is familiar with how the DOE maintains records related to student loans, that she was in custody and control of Lawrence's student loan records, that these records are kept in the course of DOE's regularly conducted student loan business, that the promissory notes are "true copies of the documents transmitted to DOE by the Lake Air National Bank," and that DOE took assignment of the loans. Gorham's affidavit satisfies the requirements of both rule

56(e)[4] and the "business records exception" to the hearsay rule, FED. R. EVID. 803(6).[5] Lawrence does not contest the competency of the affidavit, so the district court did not err in relying on it in granting summary judgment.

### IV.

Lawrence argues that summary judgment was improper because his affidavit raised a genuine issue of material fact as to whether the loans had been paid in full. To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default. *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993). Because the government produced sufficient evidence to satisfy its summary judgment burden, the burden shifted to Lawrence to "set forth specific facts showing that there is a gen-

---

[3] Rule 56(e) reads, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

[4] *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992) (holding rule 56(e) satisfied by affidavit attesting to personal knowledge that plaintiff took ownership of note, even though affiant "had no precise personal knowledge of this particular note").

[5] FED. R. EVID. 803(6) states that

the following are not excluded by the hearsay rule . . . Records of Regularly Conducted Activity.SSA memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . .

3

uine issue for trial," not just to "rest upon the mere allegations or denials of the adverse party's pleading." *Camp*, 965 F.2d at 29 (quoting rule 56(e)).

Lawrence's only response was an affidavit testifying that in "approximately 1981," a third party, Oscar Peterson, paid Lawrence's debts for him. Lawrence produced no evidence of this payment. Peterson is now dead, and Lawrence has no documentation confirming Peterson's repayment of the loans; it does not seem any such evidence exists. Such self-serving allegations are not the type of "'significant probative evidence'" required to defeat summary judgment.[6]

AFFIRMED.

---

[6] *Munitrad Sys., Inc. v. Standard & Poor's Corp.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).