United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20138
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORRAINE MCCORD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3957
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lorraine McCord ("McCord") appeals the district court's grant of summary judgment in favor of the Government in its suit to collect on a promissory note. McCord argues for the first time on appeal that the Government's delay in bringing its complaint was unreasonable, that the Government's Certificate of Indebtedness was not based upon the personal knowledge of the affiant, and that the Government's evidence did not establish who owns the note. This court will not address these arguments

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raised for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

McCord asserts that she presented sufficient evidence to show that there were genuine issues of material fact as to the date of default and the amount of the debt.  "To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default."  United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001).  Because the Government filed a properly supported motion for summary judgment, the burden shifted to McCord to provide competent summary judgment evidence setting forth specific facts that demonstrate a genuine issue for trial.  See FED. R. CIV. P. 56(e).  McCord did not dispute that she defaulted on the note, and the exact date of default is not a material fact.  See Lawrence, 276 F.3d at 197.  The evidence McCord presented to demonstrate a genuine issue as to the amount owed was not sufficient to meet her burden under FED. R. CIV. P. 56(e).

AFFIRMED.  The motion for appointment of counsel is DENIED.