United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50434
Summary Calendar

BERNARDO PAREDES,

Plaintiff-Appellant,

versus

THE CITY OF ODESSA; Etc.; ET AL.,

Defendants,

THE CITY OF ODESSA; CHRISTOPHER C. PIPES, In His Capacity as
Commander of the Odessa Police Department,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:00-CV-78
--------------------

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

Bernardo Paredes appeals the district court's grant of
summary judgment and its dismissal of his 42 U.S.C. § 1983 claims
against the City of Odessa (the "City"). Paredes's motion for
leave to file a reply brief out-of-time is GRANTED.

Paredes challenges the district court's determination that
he did not provide evidence connecting the City to the alleged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional acts that occurred on March 21, 1998. Paredes asserts that the district court misapplied the summary judgment standard of review; he contends that the district court did not draw all reasonable inferences in his favor, disregarded his testimony, made credibility determinations, and weighed his testimony.

We review a grant of summary judgment de novo; we apply the same standards as the district court and consider the evidence and inferences to be drawn from the evidence in the light most favorable to the nonmovant. See Olabisiomotosho v. Houston, 185 F.3d 521, 525 (5th Cir. 1999). Summary judgment is proper if the pleadings and discovery "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

In response to the City's motion for summary judgment, Paredes was required to set forth specific facts showing the existence of a genuine issue for trial; that is, he was required to identify specific evidence in the record and articulate the manner in which that evidence established that a City employee was involved in the incident. See FED. R. CIV. P. 56(e); Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004).

Paredes did not produce competent summary judgment evidence sufficient to meet his burden. See FED. R. CIV. P. 56(e). Paredes's self-serving reference to the Odessa Police, made

during his deposition, is not the type of "significant probative evidence" required to defeat summary judgment. United States v. Lawrence, 276 F.3d 197 (5th Cir. 2001) (internal quotations and citations omitted). Paredes's failure to establish that an employee of the City committed the acts that caused the alleged violation of his constitutional rights defeats his claims of liability against the City. Olabisiomotosho, 185 F.3d at 529.

Additionally, Paredes appeals the district court's dismissal of his claims based on the City's policies and custom. The summary judgment evidence in the record does not support Paredes's assertion that there was a lack of training regarding General Order 400 or a custom formulated due to the lack of enforcement of General Order 1500 and that these inadequacies caused the violation of Paredes's constitutional rights. See Pineda v. City of Houston, 291 F.3d 325, 333-34 (5th Cir. 2002) (discussing the lack of evidence presented on causation and training). Accordingly , the judgment of the district court is AFFIRMED.

Paredes has abandoned any appeal of the dismissal of the claims that he asserted under state and federal law against the Odessa Police Department, Motel 6, Motel 6 Manager Isaac Hughes, two unnamed Odessa police officers, "Does 1-5," and Christopher C. Pipes. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (we will not raise and discuss legal issues that the appellant has failed to assert).

AFFIRMED; MOTION GRANTED.