IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2007

Charles R. Fulbruge III
Clerk

No. 06-10983
Summary Calendar

JOHN LENTWORTH, also known as Thomas Brown, also known as Wallace Bryant

Plaintiff-Appellant

v.

DAVID POTTER; HARRY EDWARDS; ROBERT TREON; VIKKI WRIGHT; WILLIAM GONZALEZ; CHARLES MARTINEZ, Licensed Vocational Nurse; P MITCHELL; ALEXANDER KALMANOV, DR; SARA WALKO; ANGELA LEVELL; DR JOHN WILSON; BARBARA ENNS, Registered Nurse; K DONNELL; M HALVORSEN; EVE ELLEN HOLMES; MICHAEL MARTINEZ; GLENN E MITCHELL; JAMES D MOONEYHAM; RAMSEY, DR; CANDACE TUCKER; D WALLS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CV-156

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

John Lentworth, prisoner # 340466, alleged under 42 U.S.C. § 1983 prison officials were deliberately indifferent to his medical needs. He also alleged they retaliated against him because he submitted grievances and filed this action. Lentworth appeals pro se the district court's granting the prison officials' motion to dismiss or, alternatively, for summary judgment.

Our review is de novo. See, e.g, In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007); Whittaker v. BellSouth Telecomms., Inc., 206 F.3d 532, 534 (5th Cir. 2000). Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). Pursuant to our review, and contrary to Lentworth's assertion, the district court did not misapply Federal Rule of Civil Procedure 56 (summary judgment) and did not fail to consider Dr. Ashbury's opinion concerning his medical treatment.

Lentworth received a considerable amount of medical treatment. His complaints regarding the treatment he received and the delay attendant to such treatment do not establish deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, Lentworth failed to exhaust his deliberate-indifference claim regarding his toe injury. See Johnson v. Johnson, 385 F.3d 503, 516 (5th Cir. 2004). The district court did not err in dismissing Lentworth's deliberate-indifference claims.

Lentworth challenges the district court's determination that the prison officials did not retaliate against him. He contends Dr. David Potter's remark regarding Lentworth's complaints of inadequate medical care establishes retaliation. Lentworth asserts: M. Halvorsen, Barbara Enns, and Charles Martinez retaliated against him by falsely accusing him of being verbally

abusive; and prison officials retaliated against him by placing him in a cell with another inmate who had a history of violence against inmates.

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) his invocation of a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). Dr. Potter's remark does not constitute actionable retaliation. See Morris v. Powell, 449 F.3d 682, 686 (5th Cir.) ("Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights."), cert. denied, 127 S. Ct. 596 (2006). Lentworth did not establish causation with respect to his claims of false disciplinary reports; he did not show: absent the grievance, Halvorsen, Enns, and Martinez would not have filed a disciplinary report for verbal abuse. See Jones, 188 F.3d at 324-35. Lentworth did not present proper summary judgment evidence in support of his retaliation claim concerning his cell mate. See FED. R. CIV. P. 56; United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001).

Lentworth also contends James D. Mooneyham and Vikki Wright were informed of these various retaliatory acts but did not take corrective action. A supervisory official may be held liable under § 1983 if he "affirmatively participate[s] in acts that cause constitutional deprivation" or "implement[s] unconstitutional policies that causally result in plaintiff's injury". Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996) (citing Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992)). Lentworth does not allege Mooneyham and Wright were personally involved in the retaliation or implemented an unconstitutional policy.

Lentworth asserts the district court erred by neglecting to address his claim that Wright, Potter, and Mooneyham did not initiate a unit transfer after they knew his health was at risk. Lentworth did not establish supervisory

liability under § 1983, and he has no constitutional right with respect to housing. See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Baker, 75 F.3d at 199.

AFFIRMED.