**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-31018
Summary Calendar

WENDELL R. WILSON,

Plaintiff-Appellant,

v.

CITY OF BATON ROUGE, Department of Public Works,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:07-CV-101

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Wendell Wilson worked for the Baton Rouge Department of Public Works
("DPW") from 1988 until his retirement in 2007. In 2005, one of his co-workers,
Timothy Cook, voluntarily confessed that he and Wilson had stolen scrap metal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

from DPW. Wilson was arrested, but the charges were dropped. As a disciplinary measure, DPW put Wilson and Cook on a two-week suspension without pay; Cook resigned rather than face the punishment. When Wilson returned to work after the suspension, DPW ostensibly reinstated him to his old position, but Wilson says he was stripped of his supervisory responsibilities and moved to a less desirable office without a computer or telephone.

Wilson sued DPW for illegally discriminating against him on the basis of age and disability and for creating a hostile work environment. The district court granted summary judgment for DPW, Wilson appeals, and we affirm.

"We review a summary judgment de novo, applying the same standard as the district court. Summary judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. Questions of fact are viewed in the light most favorable to the nonmovant and questions of law are reviewed de novo." *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001) (internal citations and quotation marks omitted).

To survive summary judgment on his discrimination claims, Wilson must first establish a *prima facie* case of discrimination, which requires a showing that he "(1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment . . . that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (citations and internal quotation marks omitted).

Wilson has not made that showing. DPW concedes that for age and disability discrimination, he meets the first two prongs——he is over forty years old,[1]

---

[1] "[A]n age discrimination plaintiff must establish that he was over the age of 40 at the time of the [adverse employment action] in order to prove he was a member of the protected
(continued...)

2

has a disability, and was qualified for his position. Further, as the district court noted, the two-week suspension without pay is an adverse employment action. But Wilson has failed to provide any evidence that others similarly situated were treated more favorably. The district court correctly concluded that he received the same treatment as did Cook, who is over twenty years younger and not disabled.[2]

Wilson argues that the district court erred in comparing him to Cook, because Cook had confessed to stealing, and Wilson was only accused. That distinction is probably irrelevant—the two were similarly situated insofar as DPW believed that both had stolen its property. Regardless, even if we assume *arguendo* that the comparison was inappropriate, Wilson has not pointed to any evidence that other similarly-situated coworkers were treated more favorably.

Wilson is also unable to meet the burden for his hostile work environment claims. "[T]o succeed on a claim of disability-based harassment, the plaintiff

---

[1] (...continued)
class." *McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 462 n.5 (5th Cir. 2005). Wilson was 59.

[2] With regard to the disability discrimination claim, Wilson complains that "the court below completely disregarded the fact that defendant ordered a psychological evaluation on Mr. Wilson in connection with the false theft accusations, but did not order the same evaluation for Mr. Cook." The only reference in the record to psychological evaluations, however, is a single sentence from the Charge of Discrimination, filed with the Equal Employment Opportunity Commission, in which Wilson wrote, "Timothy Cook was not administered psychological testing to ascertain his mental stability[.]"

Based on only that evidence, Wilson has not carried his burden of production. The sentence does not say directly that DPW required Wilson to obtain a psychological evaluation, let alone explain the circumstances surrounding any such order. For example, the timing of the order is important, particularly if DPW did not test Cook because he had already announced his intent to resign. For its part, DPW denies that the psychological evaluation had anything to do with the 2005 disciplinary action and claims that Wilson is referring to "a letter and psychological test from 1997." In any case, it is not obvious—and Wilson has not attempted to explain—why a mere examination would qualify as less favorable treatment. *Cf. Benningfield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998) (A "referral [for psychological testing] was not an adverse employment action. Rather, the referral was designed to gather facts to form the basis for an employment decision.").

must prove: (1) that [he] belongs to a protected group; (2) that [he] was subjected to unwelcome harassment; (3) that the harassment complained of was based on [his] disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action." *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001) (citations omitted).[3]

Wilson's best hostile workplace theory is that, after he returned to work following his suspension, DPW did not give him back his supervisory responsibilities and moved him to a less desirable office. Wilson has not provided any evidence, however, that the alleged harassment was based on his disability. He submitted several e-mails in which his supervisors acknowledged the issues and discussed moving him to his old office, reinstating his cell phone, and hooking up a computer. The district court noted that those e-mails showed "that his supervisors were aware of the problem and were attempting to remedy it." Wilson contends that, in doing so, the court "acknowledged that a problem existed, but conveniently exculpated [DPW] due to an alleged attempt to fix it." That misses the point, however—the court did not "conveniently exculpate" DPW because of DPW's attempts to remedy the problem; rather, it accurately observed that none of the evidence supported even an inference that DPW acted based on Wilson's disability.

The summary judgment is AFFIRMED.

---

[3] Wilson raised an age-based hostile work environment claim. As the district court recognized, however, "the Supreme Court and this court have yet to definitively state whether the hostile work environment framework extends to claims under the [Age Discrimination in Employment Act]." *McNealy v. Emerson Elec. Co.*, 121 F. App'x 29, 34 n.1 (5th Cir. 2005). We need not reach the issue, because even if such claims were permitted, Wilson's age-based claim has no more merit than does his disability-based one.