# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2010

Lyle W. Cayce
Clerk

No. 09-20540
Summary Calendar

STEVE GREEN,

Plaintiff-Appellant

v.

MISS ROSS, Shift Officer; CHRISTOPHER DOUGLAS, also known as Bull Dog;
NURSE RICHEY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1948

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steve Green, Texas prisoner # 1436873, appeals the district court's grant of summary judgment to the defendants in his 42 U.S.C. § 1983 action. Green alleged that while he was a pretrial detainee at the Brazos County Jail, guard Billie Jean Ross failed to protect him by placing him in the same holding tank as inmate Christopher Douglas after Ross had broken up a fight between Green and Douglas. Green asserted that Douglas subsequently assaulted him and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

broke his rib. He maintained that Nurse Darlene Ritchey did not always provide him the proper medication for his broken rib and gave him incorrect advice regarding how to lie down with a broken rib.

With the benefit of liberal construction, Green argues that the district court erred by granting summary judgment on his failure to protect claim because he was negligently placed in danger by Ross. He maintains that affidavits he submitted in the district court list witnesses to both of the altercations between him and Douglas. Green states that Douglas would verify that both altercations occurred and that Douglas would not have broken Green's rib if Ross had not placed Green in the same holding tank.

In support of their motion for summary judgment, the defendants submitted an affidavit from Ross in which she averred that she had never witnessed Green being involved in a physical altercation with Douglas or anyone else. Ross further averred that Green was not on a no-contact list with any prisoner because of a physical altercation. The defendants also submitted Green's inmate incident history report showing that there had been no reported problems between Green and Douglas. The commander of the Brazos County Jail averred that Green had never filed a complaint about Douglas.

In the district court, Green contended that Ross should have placed him on a "no contact" list with respect to the other inmate. However, he failed to bring forward any competent summary-judgment evidence that any such failure constituted deliberate indifference to his need for protection as necessary to support a failure-to-protect claim. *See, e.g.*, *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Green's averments regarding how third party witnesses would testify were not competent summary judgment evidence. *See* FED. R. CIV. P. 56(e); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987). As the defendants submitted a properly supported motion for summary judgment and Green did not produce sufficient evidence to show the existence of a genuine issue of material fact, the district court did not err by granting

summary judgment on Green's failure to protect claim. *See United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

With the benefit of liberal construction, Green argues that the district court erred by granting summary judgment on his denial of medical care claim. Green contends that he was "not given the proper medication," that Ritchey "claims it was a call in medication when we all know a fresh broke rib hurts" and that, "being a nurse [Ritchey] should know this fact [] and would give pain medications freely." Green further asserts that "giving [incorrect] medical advice . . . is not 'common,'" apparently referring to his claim that Ritchey gave him incorrect medical advice regarding how to lie down with a broken rib.

In the pleadings and affidavits he filed in the district court, Green alleged only that Ritchey negligently and carelessly gave him the wrong medication, once insisted on calling in the request for medication before giving the medication to him, gave him incorrect advice regarding how to lie down with a broken rib, and would not allow him to have an extra mat on which to sleep. Green, however, did not allege or aver that Ritchey intentionally treated him incorrectly or that he suffered any injury from his alleged mistreatment. The defendants submitted evidence indicating that Green received his proper medication when he made a proper request for the medication and did not refuse to take it. As Green did not provide evidence showing that Ritchey's actions constituted more than negligence or that he suffered any injury due to Ritchey's actions, the district court did not err by granting summary judgment on Green's denial of medical care claim. *See Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

For the first time on appeal, Green alleges that, since the filing of his complaint, he was sexually assaulted and that he now suffers from "rape trauma syndrome." Because this claim was not raised in the district court, we do not consider it. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

3

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; MOTION FOR ENTRY OF DEFAULT JUDGMENT DENIED; MOTION FOR SETTLEMENT OF APPEAL DENIED; MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF GRANTED.