# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2012

No. 11-10506
Summary Calendar

Lyle W. Cayce
Clerk

SHANEIKA SMITH,

Plaintiff-Appellant

v.

SOUTHWESTERN BELL TELEPHONE COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
3:09-CV-2302-P

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Shaneika Smith appeals the district court's grant of summary judgment in favor of Defendant-Appellee Southwestern Bell Telephone Company ("SWBT") on her retaliation claim brought under the Family Medical Leave Act ("FMLA"). We AFFIRM.

**I.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10506

Smith was employed as a customer service representative for SWBT for seven years. Her job entailed providing customer service in sales by answering customer phone calls and handling their complaints. As part of her customer service training, Smith was instructed that when a customer became rude or difficult, she was to maintain a proper tone and assure the customer that his problem would be addressed. In the event that a customer became too difficult, Smith was directed to transfer the call to a representative dedicated to such calls, or to a sales coach manager.

During the course of her employment, Smith took approved, intermittent FMLA leave for an undisclosed health condition that SWBT has not disputed. Smith alleges that her manager, Michael Thompson, ridiculed her for taking FMLA leave, calling her an "FMLA queen." She further alleges that Thompson refused to give her a pin number necessary to apply for a higher level job, but told her that if she came to work for three months without taking FMLA leave she could have it.

In October 2007, Smith received a call from a customer frustrated by a service disconnection. Smith attempted to transfer the call to another department, and the caller became angry at the prospect of again being placed on hold. Smith's tone became sarcastic and she and the customer began to argue. The customer informed Smith that she would make sure Smith lost her job. Smith told the customer, "You need to watch your mouth speaking to me." The customer demanded to be transferred to a supervisor. While transferring the call, Smith stated aloud while the customer remained on the line, "She's crazy." Smith then threw down her headset.

Following this incident, an investigation was conducted. On October 30, 2007, Smith was suspended without pay. Following a hearing before the director of the call center, Cheryl Stephenson, Smith's termination was authorized on December 11, 2007.

2

No. 11-10506

Smith filed a grievance. On December 14, 2007, during a formal grievance hearing before Alisa Thomas, associate director of human resources, Smith was offered a "Last Chance Agreement," pursuant to which she would be allowed to keep her job without back pay, but would be subject to termination for any infraction within a 36-month probationary period. Smith declined the agreement.

Smith appealed Thomas's decision to Janita Jennings, the lead labor relations manager. SWBT alleges that Jennings offered to reduce the term of the probationary period to 18 months, and that Smith again refused this offer. However, Smith has made the conflicting contentions that the last offer made to her was 36-months probation, and also that she was never offered probation for less than 24 months. In any case, Smith's termination became final in December 2007.

On December 3, 2009, Smith filed the instant action, asserting that she was terminated from SWBT for taking leave from her employment under the provisions of the FMLA. On April 19, 2011, the district court granted SWBT's motion for summary judgment, concluding that Smith had failed to rebut SWBT's legitimate, nonretaliatory reason for her termination, i.e., the mishandling of the October 2007 customer call. Smith appealed.

## II.

This court reviews a district court's grant of summary judgment de novo, applying the same standards as the trial court. *See Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir. 1998). Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Crawford v. Formosa Plastics Corp.*, 234 F.3d

3

No. 11-10506

899, 902 (5th Cir. 2000). "Even if we do not agree with the reasons given by the district court to support summary judgment, we may affirm the district court's ruling on any grounds supported by the record." *Lifecare Hosps., Inc. v. Health Plus, Inc.*, 418 F.3d 436, 439 (5th Cir. 2005).

## III.

The FMLA was enacted to permit employees "to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition[.]" 29 U.S.C. § 2601(b)(2). The "FMLA . . . protects employees from retaliation or discrimination for exercising their rights under the FMLA." *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 580 (5th Cir. 2006).

The Fifth Circuit applies the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), when analyzing retaliation claims under the FMLA. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001) (citation omitted). "In order to establish a prima facie case of retaliation under the FMLA, the employee must show the following: 1) he was protected under the FMLA; 2) he suffered an adverse employment action; and 3) he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he sought protection under the FMLA." *Mauder*, 446 F.3d at 584. Once an employee succeeds in making a prima facie case, the burden shifts to the employer to articulate a legitimate non-retaliatory reason for the employment action. *Id.* "Thereafter, the burden shifts back to the plaintiff to show by a preponderance of the evidence that the reasoning presented by the defendant is a pretext for retaliation." *Id.*

In the present case, SWBT has not argued that Smith has failed to set forth a prima facie case under the FMLA; rather, SWBT relies solely on its legitimate, nonretaliatory reason for Smith's termination in opposition to her

claim. Accordingly, the burden shifts to Smith to demonstrate that SWBT's reason is merely pretext for retaliation. Smith may prove pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal quotation marks and citation omitted). "[I]f the plaintiff created only a weak inference of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred[,] a court should not find the plaintiff has successfully proven retaliation." *Mauder*, 446 F.3d at 584 (internal quotation marks and citation omitted).

The district court properly concluded that Smith produced insufficient evidence to create a genuine issue of material fact with respect to whether SWBT's legitimate reason for her termination, her mistreatment of a customer, was merely pretext for FMLA retaliation. First, Smith relies chiefly on the uncorroborated allegations of her own affidavit to challenge SWBT's proffered explanation. However, we have repeatedly held that self-serving statements, without more, will not defeat a motion for summary judgment, particularly one supported by plentiful contrary evidence. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004) (concluding that self-serving statements were insufficient to overcome summary judgment, particularly when faced with "overwhelming evidence" in opposition); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (affirming summary judgment for the plaintiff when defendant's only evidence in opposition was his own "self-serving allegations"). Moreover, while Smith's affidavit identified two SWBT employees, one who allegedly fell asleep and hung up on a customer and the other who over-talked a customer, Smith's brief and unsubstantiated allegations were insufficient to demonstrate that the employees' factual circumstances were substantially similar to her own.

Smith further asserts that SWBT maintained a culture of hostility to employees taking FMLA leave. In support of this argument, she relies on an e-mail from Debra Sue Cooper, attendance and administrative manager, which asked employees to anonymously report other employees who abuse FMLA leave. She also relies on her allegations of statements made by Thompson, especially his labeling her an "FMLA queen." However, for a statement exhibiting animus to prove pretext, the statement must: (1) demonstrate a discriminatory motivation, and (2) be made by a person "primarily responsible for the adverse employment action or by a person with influence or leverage over the formal decisionmaker." *Laxton*, 333 F.3d at 583. The e-mail does not demonstrate a discriminatory motivation because it targets employees who abuse FMLA leave, not those who properly exercise their rights under the FMLA. Additionally, there is no evidence that Cooper was involved in the decision to terminate Smith, or had any influence over the decisionmaker, Stephenson. Likewise, Thompson did not make the decision to terminate Smith, and Smith has not demonstrated that he had any influence or leverage over Stephenson's decision.

The allegation of discriminatory animus against Smith for taking FMLA leave is further belied by SWBT's offer to allow Smith to keep her job, subject to a period of probation, which Smith refused. It is uncontroverted that Smith mishandled a difficult customer call, contrary to both her training and her job description. Accordingly, Smith has made no showing that SWBT's proffered justification for her termination is false or unworthy of credence.

## IV.

For the reasons expressed above, the district court's judgment is AFFIRMED.