# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2019

Lyle W. Cayce
Clerk

KENNETH HENRY,

      Plaintiff - Appellant

v.

SPECTRUM, L.L.C., formerly doing business as Time Warner Cable Texas, L.L.C.; CHARTER COMMUNICATIONS, L.L.C., formerly doing business as Time Warner Cable Texas, L.L.C.,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC 3:18-CV-1086

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      The plaintiff asserts that when he was fired from his job, his employer had engaged in unlawful discrimination and retaliation under the Americans with Disabilities Act and state law. The district court granted summary

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10452

judgment in favor of the defendants.  We AFFIRM the summary judgment and DISMISS certain parts of the appeal as explained below.

## FACTUAL BACKGROUND

From 1992 to 2015, Kenneth Henry worked as a maintenance technician for Time Warner Cable Texas, L.L.C.  In May 2015, while driving a company vehicle, he ran a red light.  The accident severely injured multiple people.  Time Warner has a committee that reviews employee accidents.  The committee determined that the severity and avoidable nature of the accident warranted terminating Henry's employment.  As a result, Henry was fired.  Henry argues that the accident was due to a diabetic emergency.  Consequently, he argues his firing was based on his diabetes and was also in retaliation for filing a workers' compensation claim.

## DISCUSSION

In addition to appealing the final judgment for the defendants, Henry seeks to appeal the district court's denial of his motion to compel as well as that court's partial judgment on the pleadings, in which the district court dismissed two of Henry's claims.  The defendants doubt our jurisdiction to review those two earlier rulings.

In analyzing our appellate jurisdiction, we start with the requirement that an appellant designate the orders being appealed.  FED. R. APP. P. 3(c)(1)(B).  "Where the appellant notices the appeal of a specified judgment only or a part thereof, however, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *C. A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981).

No. 19-10452

We will have jurisdiction, though, if the notice of appeal refers to an order that was "predicated" on previous orders, and "the several orders and the issues they deal with are for the most part inextricably interrelated." *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1173 n.18 (5th Cir. 1985). In *Cates*, the defendants convinced the district court to dismiss two of the plaintiffs. *Id.* at 1168. The court later denied the remaining plaintiff's motion to vacate the earlier ruling, prohibiting the mention of those dismissed plaintiffs in the next amended complaint. *Id.* at 1170. Final judgment came several months later. The court dismissed based on the amended complaint's failure to state a claim; the amended allegations directly related to the actions of the previously dismissed plaintiffs. *Id.* at 1172. The final order in the case thus was "expressly . . . predicated" on the previous two orders. *Id.* at 1173 n.18.

Henry timely filed his notice of appeal after final judgment. He stated that he was appealing the "Memorandum Opinion and Order granting summary judgment and the judgment in favor of defendants . . . entered in this action on March 19, 2019." Because the notice of appeal specifies only the order of summary judgment, we have jurisdiction to review the other two orders only if they are sufficiently related. The order denying the motion to compel was not factually related to the grant of summary judgment. The summary judgment order also disposed of different claims than the order granting judgment on the pleadings. Because summary judgment was not dependent on the previous two orders, we conclude the orders were not "inextricably interrelated." *Cates*, 756 F.2d at 1173 n.18. Accordingly, we have no jurisdiction to review those earlier orders.

The defendants do not argue there is any jurisdictional defect for review of the district court's determination that the two remaining claims were without merit: discrimination under Section 102(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and for retaliation in violation

No. 19-10452

of the state's workers' compensation law.  We review a district court's grant of summary judgment *de novo*.  *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001).  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

In support of reversal on the ADA discrimination claim, Henry asserts he has presented direct evidence of discrimination.  "If the plaintiff produces direct evidence that discriminatory animus played a role in the employer's adverse employment decision, the burden of persuasion shifts to the defendant who must prove that it would have taken the same action despite any discriminatory animus."  *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019).  Henry, though, had no direct evidence of discrimination.  Rather, his evidence requires chains of inferences and assumptions to reach the conclusion that Time Warner acted with discriminatory animus.  *See Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 764–65 (5th Cir. 2016).  Thus, he must rely on circumstantial evidence and the *McDonnell Douglas* burden-shifting framework.  *Id.*

The district court held that Henry established a *prima facie* case of discrimination through evidence of his disability and his being qualified for his position.  The court nonetheless held that the claim failed because Henry did not show that Time Warner's stated reason for his firing was pretextual.

Henry argues that inconsistencies and his employer's failure to follow its own protocol show pretext.  Henry does identify minor alleged inconsistencies about how he was fired, but he shows no inconsistencies about why he was fired.  To succeed, Henry needed to create a fact issue about Time Warner's motive in firing him.  *See Rodriguez*, 820 F.3d at 765–66.  The company's safety policy explicitly allowed for immediate termination for severe accidents.  The undisputed facts indicate that is what happened here.

We need not decide whether Time Warner's accident review committee reached the best conclusion in determining the accident was severe and avoidable. Instead, we review whether the employer acted in good faith in relying on the investigation, or whether the investigation's conclusion was used "as pretext for an otherwise discriminatory dismissal." *Waggoner v. City of Garland*, 987 F.2d 1160, 1165 (5th Cir. 1993) (ADEA). In a mostly conclusory fashion, Henry asserts that the review committee was wrong in determining that the accident was avoidable. He also cites to his own declaration and a friend's declaration to support the fact that he was experiencing diabetic symptoms on the date of the accident. Regardless of whether this evidence creates a question of fact as to whether the accident was avoidable, it does not create a question of fact as to whether Time Warner relied reasonably and in good faith on the review committee's conclusion. Thus, nothing in the record supports that the stated reasons for Henry's firing were pretextual.

The only meaningful question here is the legal relevance of the possibility that the serious accident was the result of Henry's diabetes. A somewhat related question was posed in an appeal in which we upheld the termination of the employee when a university "dismissed him because of his work performance and lack of collegiality." *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 279 (5th Cir. 1998). The discharged employee presented evidence at trial that he suffered from obsessive-compulsive personality disorder and that any work-performance deficiencies were the result of that condition. *Id.* at 278. Jurors found that the former employee had no disability, and the district court entered judgment upholding the finding. *Id.* at 279. On appeal, we held that even when an employer believes that certain conduct may be symptomatic of a disability, termination is still permissible on the "basis of the

conduct itself, as long as the collateral assessment of disability plays no role in the decision to dismiss." *Id.* at 279–80.

Applying that analysis here, we conclude that Henry had to introduce evidence to create a genuine dispute of material fact that he was fired for reasons related to a qualifying disability. His diabetes was not shown be a factor in the termination regardless of whether it was a factor in causing the accident. Therefore, whether the accident was caused in whole or in part by Henry's diabetes is not legally relevant to the question of pretext.

Henry raises additional arguments that were not briefed to the district court in support of his discrimination claim. Generally, we do not consider arguments raised for the first time on appeal. *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 701 (5th Cir. 2009). We do not consider those raised by Henry.

The district court also granted summary judgment dismissing Henry's workers' compensation retaliation claim under Section 451.001 of the Texas Labor Code. To establish a case of retaliation, a plaintiff must show that he made a workers' compensation claim that caused him to experience an adverse employment action. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2006). The district court held that Henry failed to establish causation. We agree that there is nothing in the record to support that Time Warner's stated reason for firing Henry was pretextual and that he would have been treated differently but for his filing for workers' compensation.

AFFIRMED.