# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30642
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2025

Lyle W. Cayce
Clerk

Diana Steven-Reynolds,

*Plaintiff—Appellant*,

*versus*

Wilshire Insurance Company; I A T Insurance Group,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-1238

———————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:*

Wilshire Insurance Company (Wilshire) issued two insurance policies to Diana Steven-Reynolds (Reynolds). One policy related to four rental homes, and the other, to a motel. In fall 2020, Hurricanes Laura and Delta struck Lake Charles, Louisiana, damaging Reynolds' properties. In 2022, Reynolds sued Wilshire for Wilshire's alleged failure to issue appropriate,

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

timely insurance proceeds. Reynolds appeals the district court's summary judgment for Wilshire on two issues: loss valuation and applicability of the motel policy's roof exclusion. Reynolds also contends the district court erred by excluding expert testimony and by finding Wilshire did not act in bad faith. We affirm on all issues.

The district court granted summary judgment for Wilshire with respect to loss calculation under the policies. Our review is *de novo*. *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001). The court concluded the policies provided coverage based on actual cash value ("ACV"). On appeal, Reynolds argues the policies contain several exceptions for when ACV is not used. Reynolds fails to explain, though, how any such exception applies here. Accordingly, we see no error in the district court's ruling.

The district court also granted Wilshire summary judgment as to application of the motel policy's roof exclusion. On appeal, Reynolds argues she did not accept the exclusion. The record reflects otherwise, however. Reynolds also argues that her failure to check a box indicating the exclusion applies to *all* premises somehow means the roof exclusion does not apply to the roofs *explicitly included* in the schedule (and at issue here). We reject that counterintuitive argument.

Reynolds next contends the motel suffered damage unrelated to the roof, so not all motel damage was excluded by the roof exclusion. On this basis, Reynolds argues the district court erred by dismissing her entire motel claim. We again disagree. Reynolds points to no summary judgment evidence establishing a fact dispute over whether the motel suffered non-roof-related damage. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of

evidence.'" (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994))).

Next, Reynolds argues the district court abused its discretion by excluding expert testimony. Four factors inform our review of the court's ruling: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Wilshire moved to exclude the expert testimony of Bruce Copeland and any undisclosed expert because Reynolds failed to provide expert reports. Not only did Reynolds fail to explain why she did not provide expert reports, but the district court also concluded Wilshire would be prejudiced by that failure to disclose. We see no abuse of discretion.

Lastly, Reynolds argues the district court erred by failing to find that Wilshire acted in bad faith on two occasions. We review for clear error. *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 294 (5th Cir. 2009).

First, Reynolds argues Wilshire's April 8, 2021, payment was untimely, demonstrating bad faith. Reynolds contends Wilshire had sufficient proof of loss by February 11, 2021, when an engineering company sent Wilshire a report concerning damage to the properties. Wilshire presented evidence, however, that the February 11 report did not fully quantify damage and was therefore insufficient to pay the claim. Only by March 29, 2021, argues Wilshire, when Wilshire's independent adjuster completed its estimate, did it have sufficient proof of loss. We see no error, clear or otherwise, in the district court's finding that this evidence failed to show bad faith.

Second, Reynolds argues Wilshire acted in bad faith regarding her new claim related to Hurricane Delta on April 12, 2021. She contends Wilshire

No. 24-30642

failed to either make a settlement offer within 30 days or send an adjuster within 60 days as required by LA. REV. STAT. § 22:1892(3). This violation, says Reynolds, entitles her to statutory penalties. We disagree. "The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying insurance claim." *Nucor Steel Louisiana, LLC v. HDI Global Ins. Co.*, 2022 WL 1773866, at *10 (E.D. La. June 1, 2022) (quoting *Pelle v. Munos*, 2019-0549, p. 16 (La. App. 1 Cir. 2020), 296 So.3d 14, 25). A valid underlying claim is lacking here because Reynolds' claim related to damages from Delta was not proven.

AFFIRMED.