# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2016

Lyle W. Cayce
Clerk

————————

No. 15-20375

————————

RAINIER DSC 1, L.L.C.; RAINIER DSC 2, L.L.C.; RAINIER DSC 3, L.L.C.; RAINIER DSC 4, L.L.C.; RAINIER DSC 5, L.L.C.; RAINIER DSC 6, L.L.C.; RAINIER DSC 7, L.L.C.; RAINIER DSC 8, L.L.C.; RAINIER DSC 9, L.L.C.; RAINIER DSC 11, L.L.C.; RAINIER DSC 13, L.L.C.; RAINIER DSC 14, L.L.C.; RAINIER DSC 15, L.L.C.; RAINIER DSC 16, L.L.C.; RAINIER DSC 18, L.L.C.,

>           Plaintiffs – Appellants,

v.

RAINIER CAPITAL MANAGEMENT, L.P.; RAINIER DSC ACQUISITION, L.L.C.; RAINIER PROPERTIES, L.P.; RAINIER PROPERTIES G.P., L.L.C.; FOUNDATION SURGERY AFFILIATE; FOUNDATION SURGERY AFFILIATE OF SOUTHWEST HOUSTON, L.L.P.; FOUNDATION SURGERY AFFILIATE OF SOUTHWEST HOUSTON, L.L.C.; WAYNE ALANI, M.D.; EDDIE MATSE, M.D.; CHARLOTTE ALEXANDER, M.D.; THOMAS PARR, M.D.; CARL HICKS, M.D.; VINCENT PHAN, M.D.; GREGORY HOOVER, M.D.; TIMOTHY SITTER, M.D.; LIN JONES, M.D.; EDWIN TAEGEL, M.D.; STAN JONES, M.D.; RAY VALDEZ, M.D.; EUGENE LOU, M.D.; JAMES ALBRIGHT, M.D.; MARVIN LERNER, M.D.; EUGENE ALFORD, M.D.; JAMES MARTIN, M.D.; PAUL BRINDLEY, M.D.; J. CARY MOOREHEAD, M.D.; GARY CARD, M.D.; BRADFORD PATT, M.D.; NEWTON DUNCAN, M.D.; STANFORD SHOSS, M.D.; JOSEPH EDMONDS, M.D.; JOHN YOO, M.D.; JOHN JONES, M.D.; MARVIN CHANG, M.D.; JAMES LAI, M.D.; ROBERT SICKLER, M.D.,

>           Defendants – Appellees.

No. 15-20375

Appeal from the United States District Court
for the Southern District of Texas

Before KING, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:

In one of several appeals arising from an ill-fated real estate investment, Plaintiffs appeal the district court's judgments in favor of the non-arbitrating defendants.[1]  Because Plaintiffs have not shown that the district court erred in declining to stay the litigation pending the arbitration of some parties, and the district court properly granted summary judgment, we AFFIRM.

## I.

The real estate transactions underlying this appeal have already been described in greater depth in *Rainier DSC 1, L.L.C. v. Rainier Capital Management, L.P.*, 546 F. App'x 491, 492–93 (5th Cir. 2013) ("*Rainier I*").  In brief, Foundation Surgery Affiliate of Southwest Houston, LLC ("Southwest"), the owner of a surgical and imaging facility in Houston, entered into a purchase and sale agreement in 2008 with Rainier Capital Acquisitions, LP, which in turn assigned its interest to Rainier DSC Acquisitions, LLC ("Rainier DSC").  Rainier DSC marketed tenant-in-common interests in the property through a Private Placement Memorandum (the "PPM"), which described Southwest as the seller and sole tenant and explained that Rainier Properties, LP would manage the property and the twenty-nine physician members of Southwest would provide medical services there.

Rainier DSC purchased the property and sold fractional tenant-in-common interests to Plaintiffs (the "Investors"), who each signed an agreement

---

[1] In Appeal No. 15-20383, which is also before this panel, Plaintiffs separately appeal the judgment confirming the arbitration award in favor of the arbitrating defendants.

2

with Rainier DSC that included an arbitration agreement. Two years later, in late 2010, Southwest stopped making full rent payments, and thereafter stopped paying rent altogether and vacated the property.

In May 2012, the Investors sued Southwest, several Rainier entities, and the twenty-nine individual physicians, among others. The original petition, filed in state court, alleged various state law claims including fraud and breach of contract, in addition to violations of federal securities law. After the case was removed, the Rainier defendants moved to compel arbitration. At the pretrial status conference, before the Investors had responded to the motion to compel arbitration, the trial court dismissed the claims against Foundation Surgery Affiliate of Southwest Houston, LLP, which no longer existed, and against Foundation Surgery Affiliate, LLC, which the Investors had sued because they thought it might be related to Southwest.

The Investors subsequently filed their response to the motion to compel arbitration, in which they "agree[d] to arbitrate this matter with the Rainier Defendants, upon the express condition that all Rainier Defendants stipulate to participate and be treated as one." The Investors' response also stated that 9 U.S.C. § 2 requires the district court to stay its proceedings when an issue therein is referable to arbitration.

In August 2012, following the filing of an amended complaint and numerous motions, the district court held a second status conference. The district court then ordered the Investors and the principal Rainier parties to arbitration.[2] The district court also dismissed with prejudice the Investors' claims against Foundation Surgery Affiliate, LLC and Rainier Properties GP, LLC, denied the Investors' motion to reconsider its earlier dismissals, and

---

[2] The arbitrator issued his award in favor of Rainier in March 2015. The district court severed the arbitrated claims and affirmed the award. That judgment is the subject of Appeal No. 15-20383.

3

converted the physicians' motions to dismiss into motions for summary judgment.

The Investors appealed, arguing that the district court's orders after the motion to compel arbitration should be vacated because the district court erred by not staying the proceedings. In November 2013, we dismissed the appeal for lack of jurisdiction because the district court had not entered an order refusing a stay. *Rainier I*, 546 F. App'x 491.

Meanwhile, in August 2013, the district court issued an opinion granting summary judgment in favor of the physicians and five "Foundation Surgery Affiliate" entities (collectively, "FSA").

The Investors appeal the adverse judgments. The Investors argue that: (1) all orders issued by the district court after the motion to compel arbitration should be vacated because the district court was required to stay the case; (2) the district court erred in granting summary judgment in favor of FSA and the physicians; and (3) the case should be reassigned on remand.

## II.

As an initial matter, Rainier challenges our jurisdiction, arguing that "[t]here has been no denial of a stay or appealable order in this case, and as this Court has already determined, this Court therefore lacks jurisdiction to consider the Investors' appeal." This argument is meritless. In *Rainier I*, we held that we lacked interlocutory jurisdiction because no order denying a stay had been entered, 546 F. App'x at 492, but the Investors now appeal from multiple final judgments, and our jurisdiction is therefore not in doubt. *See id.* at 495 n.8 ("We note that nothing precludes the Plaintiffs from appealing the district court's dismissal of FSA, Rainier Capital Manager, LLC, and Rainier GP after a final judgment is entered.").

No. 15-20375

## III.

## A.

The Investors first argue that once presented with the motion to compel arbitration, the district court was required to restrict its judicial scrutiny to the issue of arbitrability, and that the district court was required to stay the case once it determined that an issue was referable to arbitration.

We review a district court's denial of a motion to stay litigation pending arbitration *de novo*, using the same standard as the district court.[3] *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 341 (5th Cir. 2004). Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. "In general, Section 3 only applies to parties to an agreement containing an arbitration clause." *Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 346 (5th Cir. 2002). We have applied it to non-signatories only where: (1) the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are "inherently inseparable"; and (3) the litigation has a "critical impact" on the arbitration. *Waste Mgmt.*, 372 F.3d at 343; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,

---

[3] The parties dispute whether the Investors ever applied for a stay. We assume without deciding that the Investors' statement that the FAA required a stay, combined with their request for "a stay of all proceedings until the Arbitration is complete," sufficiently constitutes an "application" for a stay under 9 U.S.C. § 3 despite the absence of a separate motion.

460 U.S. 1, 20 n.23 (1983) ("In some cases, . . . it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket.").

It is undisputed that the only signatories to arbitration agreements with the Investors were some of the Rainier parties, and they proceeded to arbitration. A stay of the other parties' litigation was therefore subject to the district court's discretion and was only warranted if: (1) the arbitrated and litigated disputes involved the same operative facts; (2) the claims asserted in the arbitration and litigation were "inherently inseparable"; and (3) the litigation had a "critical impact" on the arbitration. *Waste Mgmt.*, 372 F.3d at 343. The district court concluded that a stay "was not required because the claims are wholly distinct," explaining that although the claims against Southwest and the other defendants arose out of the same transaction, "they relate to different parts of it. Those against the promoters are securities claims premised on fraud, while those against the tenant were for breach of the lease. These are not inherently inseparable."

The Investors in their initial brief conclusorily and incorrectly argued that "the district court must stay its own proceedings when any issues therein are referable to Arbitration." The brief utterly failed to address the distinction between signatories and non-signatories, to discuss the three *Waste Management* factors, or to argue that the district court had abused its discretion. In their reply brief, the Investors argue that § 3 applies to non-signatories and that the *Waste Management* factors are satisfied, but this comes too late and is not properly before the court. *See, e.g., Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."). Accordingly, the Investors have not demonstrated that the district court erred in declining to stay the litigation.

No. 15-20375

**B.**

The Investors also argue that the district court erred in granting summary judgment in favor of FSA and the physicians because genuine issues of material fact exist as to the Investors' partnership by estoppel claims. We review a district court's summary judgment *de novo*, applying the same standard as did the district court. *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001). Summary judgment is proper when, viewing the facts in the light most favorable to the non-movant, no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.*

The Investors' claims against FSA and the physicians are premised on statements in the PPM that described FSA and the physicians as "partners" of Southwest. The Investors seek to hold FSA and the physicians individually and jointly liable for the lease payments owed by Southwest, arguing that these statements created a partnership by estoppel.

"Partnership by estoppel consists of two elements: (1) a representation that the one sought to be bound is a partner; and (2) the one to whom the representation is made must rely on the representation." *CCR, Inc. v. Chamberlain*, No. 13-97-312-CV, 2000 WL 35721225, at *10 (Tex. App.—Corpus Christi, June 1, 2000, pet. denied) (not designated for publication). "The representation may be made . . . by others, provided the alleged partner knowingly allows others to make the representation and fails to correct them." *Id.* (emphasis added); *see also Storms v. Tuck*, 579 S.W.2d 447, 452 (Tex. 1979) ("The principle of estoppel by silence arises where a person is under a duty to another to speak, but refrains from doing so and thereby leads the other to act in reliance on a mistaken understanding of the facts. The duty to speak does not arise until the silent party is himself aware of the facts.") (citation omitted).

The district court correctly granted summary judgment. The Investors' partnership by estoppel argument relies entirely on statements made by

parties other than the physicians and FSA, most significantly in the PPM. Even assuming, *arguendo*, that the statements could be reasonably construed as a representation of partnership, which is highly doubtful, there is no evidence that the physicians and FSA were aware of or consented to these statements. The Investors argue that they have raised a fact issue because it is "inconceivable" that the physicians and FSA had no knowledge of the representations that were being made about them in light of the fact that they received a share of the sales proceeds in 2008. This is pure conjecture and not evidence to raise a genuine issue of material fact. Accordingly, we affirm the summary judgment in favor of FSA and the physicians.[4]

## IV.

Because the Investors have not established that the district court erred in not staying the litigation of the non-arbitrating parties during the arbitration or in granting summary judgment in favor of FSA and the physicians, we AFFIRM.

---

[4] In light of our affirmance, we do not reach the Investors' argument that the case should be reassigned on remand.

8